887 A.2d 1199

ROBERT HARRIS AND KATHY HOGAN, PLAINTIFFS,
v. THE TOWNSHIP OF HADDON, DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided September 2, 2005.

*F. Michael Daily, Jr.,* for the plaintiffs.

*Paul F. Gilligan, Jr.,* for the defendant.

ORLANDO, A.J.S.C.

This is an action in lieu of prerogative writs whereby the plaintiffs, Robert Harris, President of the Haddon Township Business Partnership, Inc. and Kathy Hogan, Commissioner of Haddon Township, challenge an Ordinance enacted by the Township of Haddon which requires a district management corporation, established pursuant to Title 15A of the New Jersey Statutes, to alter its method of choosing its board of directors. The issue presented to this court is whether a municipality, which has established a district management corporation incorporated pursuant to New Jersey's nonprofit organization statute to manage the operation of special improvements district may, by ordinance, require the nonprofit organization to alter its method of choosing the board of directors which is set forth in the organization's bylaws.

On May 21, 2002, the Township of Haddon enacted Ordinance 1082, which created special improvement districts within the Township to improve the economic vitality of the business community. The Ordinance designated a district management corporation to manage the affairs of the special improvement districts. The Township directed that the district management corporation be a nonprofit corporation. Section 8 of Ordinance 1082 provides that the nonprofit corporation will be operated by a board of directors consisting of twenty-one directors with certain qualifications.

Ordinance 1082 § 8 provides in pertinent part:

The Board of Directors shall be comprised of the following: A member of the Governing Body selected by the Governing Body; A member of the Township

Planning Board selected by the Governing Body; One resident of the Township selected by the Board of Directors who shall not be an owner or occupant of commercial property within the District. Additionally the Board of Directors shall consist of three non-voting members appointed from various civic organizations. The members appointed by such bodies shall serve at the pleasure of the Haddon Township Business Partners, Inc. The remaining fifteen members of the Board of Directors shall consist of owners or occupants of commercial property located within the District. The bylaws shall provide for an election to create the Board of Directors by owners and/or occupants of commercial property included within each of the three Districts.

As a result of the passage of Ordinance 1082, the Haddon Township Business Partnership, Inc. (hereinafter referred to as "HTBP") was incorporated as a nonprofit corporation, under *N.J.S.A.* 15A:1-1 to -10 ("New Jersey Nonprofit Corporation Act") on June 12, 2002. The corporation's stated purpose is to improve the businesses in the Township of Haddon, and it has unlimited power to engage in and to do any lawful act concerning any or all lawful business for which corporations may be incorporated under the New Jersey Nonprofit Corporation Act. The certificate of incorporation provides that the method of electing directors shall be set forth in the bylaws of the corporation.

On May 12, 2003, the HTBP held a meeting where it adopted the bylaws. Article IV § 4.02 of the bylaws provides in pertinent part:

There shall be fifteen voting Directors elected by the Members of their respective District pursuant to the Business Improvement District Regulations. The Elected Directors shall consist of five Members from the East District, five Members from the Central District and five Members from the West District. There shall be three voting Directors appointed by the Township of Haddon. The Appointed Directors shall be comprised of one elected official of the Township's Board of Commissioners appointed by the Commission, and one person from the Township Planning Board appointed by the Commission and one person who shall be a resident of Haddon Township but who shall not own or operate a business within the township. The Appointed Directors shall be appointed by and serve at the discretion of the appointing authority. There shall be three non-voting Directors selected by the Board from at least two civic organizations, including but not limited to ToHip, Haddon Township Business and Professional Association, or the South Jersey Chamber of Commerce.

Section 4.04 provides:

The elected Directors shall be elected by a majority vote of the ballots cast by Members of their respective District and such election shall be governed by the

BID Regulations. The Appointed Directors shall be appointed by and serve at the discretion of the Township of Haddon. The Selected Directors shall be elected by a majority vote of the Board of Directors at its Annual Meeting.

Thereafter, the Township expressed satisfaction with the HTBP's performance and passed Ordinance 1107, which extended the life of the special improvement districts until December 31, 2007.

On June 28, 2005, the Commissioners of the Township of Haddon adopted Ordinance 1137, thereby amending Ordinance 1082. Ordinance 1137, Article II, Section 8 provides that the HTBP Board of Directors shall be comprised of:

One member who shall be a member of the Board of Commissioners of the Township of Haddon, appointed by Resolution of the Board of Commissioners. One member who shall be a resident of the Township of Haddon, appointed by Resolution of the Board of Commissioners, who shall not be an owner, operator or occupant of commercial property within any one of the Districts. Nine members who shall be owners or occupants of commercial property located within any one of the Districts, with three members of the Board of Directors being owners or occupants of commercial property in each of the three Districts.

Section 8 of Ordinance 1137 further provides that "within sixty days of the effective date of the Ordinance, the Board of Commissioners of the Township of Haddon shall pass a resolution removing the members of the current HTBP Board of Directors and making new appointments to the board of directors as called for in the Ordinance." *Ibid.*

This case resulted from the passage of Ordinance 1137, and is a challenge to the authority of the Board of Commissioners to designate the manner in which the HTBP Board of Directors is selected.

In challenging Ordinance 1137, plaintiffs argue that once the HTBP was incorporated under *N.J.S.A.* 15A:1–1 to –10, it became an independent entity with the same rights and powers as any other nonprofit corporation existing within the State of New Jersey. As part of its rights as an independent entity, the HTBP created bylaws that specifically provide for the election of directors. Plaintiffs argue that there is no authority that supports

the notion that the Township retained the authority to remove the directors and appoint new directors.

The Township of Haddon argues that *N.J.S.A.* 40:56–65 grants municipalities broad discretion with regard to creating and structuring special improvement districts. The Township further claims that it is exercising legitimate authority delegated to it, under *N.J.S.A.* 40:56–65, to change the structure of the HTBP Board of Directors because it has decided, in the exercise of statutorily granted discretion, that the change is necessary to improve the HTBP and for the benefit of the residents and business owners in the Township.

The Township also disputes the plaintiffs' claim that the HTBP is a completely autonomous corporation that is subject only to the provisions of Title 15A. The Township argues that the HTBP was created pursuant to *N.J.S.A.* 40:56–65, which grants the municipality discretion in creating the corporation, and this discretion extends to decisions of the municipality to change how the corporation is organized and operates.

The special improvement districts created by Haddon Township are authorized by *N.J.S.A.* 40:56–65. In order to promote economic growth and employment within business districts, the Legislature permits municipalities to create self-financing special improvement districts. *N.J.S.A.* 40:56–65(b). Special assessments are levied on property within the special improvement district for the purpose of promoting the economic and general welfare of the district and the municipality. *N.J.S.A.* 40:56–66(b). When a special improvement district is established, a district management corporation must be created to receive the funds collected by the special assessment *N.J.S.A.* 40:56–66(c) and to administer and manage those funds. *N.J.S.A.* 40:56–83. The district management corporation may be established either by municipal ordinance or incorporated pursuant to Title 15A of the New Jersey Statutes. *N.J.S.A.* 40:56–66(c).

The HTBP was created pursuant to *N.J.S.A.* 15A:1–1 to –10, the Nonprofit Corporation Act. The statutory scheme requires that

the method for electing members of the board of directors, or trustees, shall be set forth in either the certificate of incorporation or the corporation's bylaws. *N.J.S.A.* 15A:2–8(a)(6). The corporation's bylaws are to be adopted by the board at its organization meeting. *N.J.S.A.* 15A:2–10(a). Thereafter, the board shall have the power to make, alter or repeal bylaws unless that power is reserved solely to the members in either the certificate of incorporation or the bylaws. *Ibid.* Bylaws made by the Board may always be altered or repealed by the members. *Ibid.* The statutory scheme also provides that elected trustees may only be removed without cause if that power is set forth in either the certificate of incorporation or the bylaws. *N.J.S.A.* 15A:6–6(a). While the statute specifically refers to trustees, the court interprets the statute to apply to the board of directors where the nonprofit corporation has chosen such as the governing body.

The legislature has granted municipalities broad discretion in creating special improvement districts. *N.J.S.A.* 40:56–65. The New Jersey Supreme Court has directed that courts exercise latitude when reviewing special improvement district ordinance. *2nd Roc–Jersey Assocs. v. Town of Morristown,* 158 *N.J.* 581, 602, 731 *A.*2d 1 (1999). However, there is nothing in the statute or legislative history which authorizes a governing body, which has designated a nonprofit corporation as the district management corporation by ordinance, to remove members of the nonprofit corporation's board of directors and name a new board of directors where that authority is not set forth in either the nonprofit's certificate of incorporation or bylaws. *N.J.S.A.* 15A:2–10(a) provides that only members of the corporation can change the bylaws. The bylaws of the HTBP do not provide that members of the board of directors are to be designated by the Township Commissioners, nor do the bylaws reserve to the Township Commissioners the power to change the bylaws. Rather, the bylaws provide that the board of directors is to be elected by corporation members. *N.J.S.A.* 15A:2–10(a) provides that this method of electing the board of directors may only be changed by the corporation members. Furthermore, the effect of Ordinance 1137 is to re-

move members of the board of directors without cause. This may only be done if it is set forth in the certificate of incorporation or bylaws of the corporation. Here, neither the certificate of incorporation nor the bylaws provide for the removal of a member of the board of directors without cause.

Therefore, Ordinance 1137 is fatally flawed. It is an improper attempt by the Township Commissioners to exercise powers not set forth in the special improvement legislation, the Nonprofit Corporation Act, or in the certificate of incorporation or bylaws of the HTBP, and is accordingly declared void.

If the Board of Commissioners is dissatisfied with the nonprofit corporation's performance as a district management corporation, it is not without a remedy. The Commissioners could create by ordinance a new entity to function as the district management corporation for the Township's special improvement districts. However, the governing body cannot change by ordinance the method by which a corporation organized pursuant to the Nonprofit Corporation Act chooses its board of directors.